UNION SLATE COMPANY *vs.* JOSIAH TILTON.

Somerset.   Opinion March 1, 1879.

*Trustee.   Cestui que trust.   Possession.   Nonsuit.*

The mere possession of personal property is *prima facie* evidence of title, and sufficient to enable the possessor to maintain an action against a wrong doer.

A nonsuit is not to be ordered when there is evidence to be submitted to the jury.

A trustee purchasing trust property risks the setting aside of his purchase, if the *cestui que trust* is dissatisfied.

The contract in such case is voidable, and not void.   It is valid to pass the title as against strangers until rescinded.

ACTION OF REPLEVIN for a quantity of marbleized slate mantles.

At the trial of the cause, and after the introduction of the plaintiffs' evidence, the presiding justice, on motion of the defendant, ordered a nonsuit and return of the property, on the ground that the plaintiffs had not proved any title to the property replevied.

Plea, general issue, and brief statement of justification.

The case is fully stated in the opinion.

*Wright & Record*, for the plaintiffs.

*Walton & Walton*, for the defendant.

APPLETON, C. J.   This is an action of replevin.   The writ is dated February 15, 1876.   The defendant is sheriff of Somerset county and justifies under certain writs in favor of Peter Cunningham and others against the Mayfield Slate Company, dated January 21, 1876, in which they severally claim a lien for their labor upon the slate attached.

Upon the introduction of the plaintiffs' testimony the presiding justice ordered a nonsuit and return of the property attached, to which rulings the plaintiffs excepted.

The plea of the general issue admits the plaintiffs' corporate existence.   The question, therefore, is whether a *prima facie* case as against a mere wrong doer is made out.

It is in evidence that the Mayfield Slate Company was embar-

rassed, and that its real and personal property was subject to a mortgage of $64,750.

At a directors' meeting held by adjournment on December 8, 1875, " it was voted to sell the real and personal property of the Mayfield Slate Company at public auction at Lewiston, Maine, (at the office of James T. Small) on Friday, the 31st day of December, instant, 1875, at two o'clock P. M., pursuant to authority given by a vote of the stockholders at their annual meeting held at Skowhegan, Maine, on the 12th day of October last."

In the meantime, the plaintiff corporation having obtained a charter, organized under the same on December 31, 1875, in the forenoon, and after making choice of their officers, Joseph G. Tibbetts being chosen general agent, " voted to authorize the general agent to purchase for the company all the right, title and interest which the Mayfield Slate Company has in and to any and all real estate and personal property for such sum as he may deem for the interest of the Union Slate Company."

In the afternoon of December 31, the real and personal property of the Mayfield Slate Company was sold at auction, as advertised, and to Joseph G. Tibbetts, acting for the plaintiffs, for a sum exceeding the amount of the mortgages upon the Mayfield Slate Company's property.

There was nothing paid by Tibbetts at the auction sale, but he and others of the old company settled fifty-four thousand dollars of its indebtedness, and a mortgage was made by the plaintiff corporation to secure the balance. The Mayfield Slate Company ceased to have an active existence, and its property, after the sale, was in the possession and under the control of the plaintiffs until the attachment of the same by the defendant.

The plaintiff corporation was in possession by its agent and superintendent, C. H. Doughty. Possession of personal property is *prima facie* evidence of title and sufficient to enable the possessor to maintain an action against a wrong doer. *Linscott* v. *Trask*, 35 Maine, 150. *Pinkam* v. *Gear*, 3 N. H. 484.

Here was evidence both of title and possession in the plaintiffs. A motion for a nonsuit will not be granted when there is any

evidence in the case competent to be submitted to the jury, tending to show the liability of the defendant. *Page* v. *Parker*, 43 N. H. 363. *Fickett* v. *Swift*, 41 Maine, 65. In the present aspect of the case, the defendant is· in no better condition than would any other stranger be, who should undertake to interfere with the plaintiffs' possession without right or title.

It is urged that Tibbetts was the agent of the Mayfield Slate Company in the sale, and purchased its assets as the agent of the plaintiff corporation, and that the whole sale was void. So far as Tibbetts was the servant or agent of the plaintiff corporation, they have ratified his action by taking possession of the property purchased. The Mayfield Slate Company have in no way disaffirmed it, but on the contrary, their directors have affirmed it, and the proceeds of the sale have gone to cancel their liabilities.

It is said in *European & N. A. R. R. Co.* v. *Poor*, 59 Maine, 277, that " the agent to purchase cannot at the same time occupy the position of a seller. It is not that in particular instances the sale, or the purchase, may not 'be reasonable, but to avoid the temptation, the agent to sell is disqualified from purchasing, and the agent to purchase from selling. In all such contracts, the sales or purchases may be set aside by him for whom such agent is acting. The *cestui que trust* may confirm all such sales or purchases if he deems it for his interest. The affirmance or disaffirmance rests with him, and the trustee, when buying trust property and selling it to himself, must assume the the risk of having his contracts set aside, if the *cestui que trust* is dissatisfied with his action."

It is for one or the other of the· corporations interested to set aside the purchase, if there be good cause for so doing, but it is not a matter where strangers to the proceedings have a right to intervene, unless, being or representing creditors, they can impeach the transaction as fraudulent as to them. In that event, the question of fraud would be for the determination of the jury.

The general rule is as stated in *Reese Silver Mining Co.* v. *Smith*, 4 L. R. Eng. & Irish Appeal Cases, 64, that, where a contract is voidable but not void, it remains valid till it is rescinded. So, in *Oakes* v. *Turquenel*, 2 L. R. Eng. & Irish Appeal Cases,

325, it was held that a contract, induced by fraud, was not void, but voidable only at the option of the party defrauded.

The plaintiffs had no title whatever to a portion of the property replevied when their writ was sued out. It seems that, on August 3, 1875, Tibbetts bought property of the Mayfield Slate Company to the value of $1,000, which, on March 6, 1876, he sold the plaintiffs. To this property the plaintiffs had no title. This is subject to an attachment made before their title accrued. As to the residue of the articles replevied, they have, at any rate, a *prima facie* title. Whether their doings and those of the plaintiffs were fraudulent or not are matters for the jury. But, whether fraudulent or not as to creditors, these sales and purchases cannot affect or impair the rights of laborers having valid liens for labor on the articles replevied.

*Exceptions sustained.*

DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.